[Cite as *State v. Simmons*, 2012-Ohio-592.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96925**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON SIMMONS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544519

**BEFORE:**   Stewart, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   February 16, 2012

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
Crown Centre Suite 600
5005 Rockside Road
Cleveland, OH    44131


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Jeffrey S. Schnatter
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113


MELODY J. STEWART, J.:

{¶1}   Defendant-appellant, Brandon Simmons, appeals from his conviction for felonious assault after fighting with victim, Daryl Steward.  He complains that the trial court erred in denying his motion for acquittal because the evidence in support of his conviction was insufficient and against the manifest weight of the evidence because the state did not prove serious physical injury.  Simmons requests that his conviction be vacated and the matter dismissed or, in the alternative, that a new trial be held on the charge of felonious assault.   For the following reasons, we affirm.

{¶2} Trial testimony established that Steward was attacked from behind while walking with acquaintance, Michael Brock, to Brock's home. Steward testified that he was wrestled to the ground, punched repeatedly in the head, and then struck in the head with a brick. Steward's assailant also took his cellular phone before leaving. Steward and Brock then proceeded to Brock's home where Steward called his mother. He then rode around the neighborhood in an attempt to find his attacker before going to the hospital for treatment.

{¶3} Officer Michelle Gricar of the Cleveland Police Department responded to the hospital to interview Steward and obtain his statement for a report. Detectives Gerald Sowul and Michael Shay prepared a photo array, and Steward and his mother went to the police station where he identified Simmons as his assailant.

{¶4} Simmons was indicted and charged with aggravated robbery, theft, and two counts of felonious assault. After entering a plea of not guilty, he was tried by a jury, found guilty of one count of felonious assault, and sentenced to community control.

{¶5} In his first assignment of error, Simmons contends that the state failed to prove the element of "serious physical injury," and therefore, his conviction was based upon insufficient evidence and the trial court erred in denying his motion for acquittal.

{¶6} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed based upon insufficient evidence unless it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001); *Jenks* at 273.

{¶7} Crim.R. 29 states, in pertinent part: "(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

{¶8} The crime of felonious assault, defined by R.C. 2903.11(A)(1), states that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." Serious physical harm is defined in R.C. 2901.01(E)(4) and (5) as "[a]ny physical harm * * * which involves some temporary, serious disfigurement [or] * * * that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

{¶9} In support of his argument, Simmons points out that (1) Steward did not immediately seek medical attention or call an ambulance, but instead set out to find his assailant, (2) the blood-stained shirt that Steward referred to in his testimony was not offered into evidence, (3) Steward testified that the punches that he had absorbed were

"soft," (4) Officer Gricar testified that Steward stated he did not want to go to the hospital and that his mother transported him at her insistence, and (5) the record did not contain any photographs of his injuries.

{¶10} Serious physical harm is sufficiently established by evidence demonstrating that a victim required medical attention. *State v. Huckabee*, 8th Dist. No. 67588, 1995 WL 628374 (Oct. 26, 1995). Moreover, "medical records [are] probative of the serious physical harm element of [felonious] assault." *State v. Hidvegi*, 8th Dist. No. 90014, 2008-Ohio-2662, 2008 WL 2257750, ¶ 19.

{¶11} Steward testified that he was dizzy after being struck with a brick, that a staple was needed to close the wound to his head, and that his head still hurt at the time of trial. Brock testified that Steward's t-shirt was bloody after the attack. Gricar and Shay testified that they observed the staple used to close the wound in the back of Steward's head. Medical records entered into evidence indicate that Steward had sustained a laceration and multiple abrasions to his head and suffered from dizziness and a headache.

{¶12} We find that the evidence sufficiently demonstrates that a temporary, serious disfigurement was inflicted upon Steward that resulted in prolonged pain, and that serious physical harm was established beyond a reasonable doubt. Simmons's first assignment of error is not well taken and is overruled.

{¶13} For his second assignment of error, Simmons asserts that the conviction was against the manifest weight of the evidence because the state failed to prove serious physical injury.

{¶14} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* at 386. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *Id.* at 387.

{¶15} The manifest weight of the evidence standard of review requires an appellate court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *Thompkins* at 387.

{¶16} Simmons does not independently argue that the verdict was against the manifest weight of the evidence, but instead relies upon his claim of insufficient evidence in support of this assignment of error. This court has held that this type of incorporation argument "does not satisfy an appellant's App.R. 16(A)(7) obligation to give 'reasons in support of the contentions, with citations to the authorities, statutes, and parts of the

record on which appellant relies,' nor does it satisfy an appellant's App.R. 12(A)(2) obligation to separately argue each assignment of error." *State v. Thomas*, 8th Dist. No. 94443, 2011-Ohio-85, 2011 WL 208304, ¶ 2. Because Simmons has failed to argue the manifest weight of the evidence assignment of error, we summarily overrule it.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR