[Cite as *State v. Kizer*, 2014-Ohio-1509.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99823**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ALVONTAY KIZER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565615

**BEFORE:** Stewart, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
526 Superior Avenue, Suite 940
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Brian D. Kraft
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1}   A jury found defendant-appellant Alvontay Kizer guilty of aggravated robbery and felonious assault in connection with stealing items from, and the severe beating of, an acquaintance.   On appeal in two assignments of error, Kizer argues that his convictions are based on insufficient evidence and are against the manifest weight of the evidence.   For the reasons that follow, we affirm the judgment of the trial court.

{¶2} Kizer was indicted on one count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(3), one count of kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(2), and one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1).   He pleaded not guilty to all charges and proceeded to trial by jury.   After the state rested its case, Kizer moved for an acquittal of all charges pursuant to Crim.R. 29.   The trial court denied the motion.

{¶3} The jury found Kizer guilty of aggravated robbery and felonious assault, but acquitted him of kidnapping.   The trial court sentenced him to ten years for the aggravated robbery charge and five years of postrelease control.   The felonious assault charge merged with the aggravated robbery offense.

{¶4} Kizer first argues that the trial court erred by not granting his acquittal motion on all charges because there was insufficient evidence to confirm that he was the individual who attacked the victim.

**{¶5}** A motion for judgment of acquittal should be granted only where the evidence is "insufficient to sustain a conviction" for the charged offenses. Crim.R. 29(A). The trial judge reviews a motion for judgment of acquittal by viewing the evidence in a light most favorable to the state and then deciding if that evidence is such that "reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

**{¶6}** When reviewing the sufficiency of the evidence to support a criminal conviction, a reviewing court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed based upon insufficient evidence unless it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

**{¶7}** Kizer was convicted of aggravated robbery under R.C. 2911.01(A)(3) and felonious assault under R.C. 2903.11(A)(1). R.C. 2911.01(A)(3) states in pertinent part that "[n]o person, in attempting or committing a theft offense * * * shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." R.C. 2903.11(A)(1) states in

pertinent part, "[n]o person shall knowingly * * * [c]ause serious physical harm to another." Contrary to Kizer's claims, the state provided sufficient evidence to support the convictions and demonstrated that this was not a case of mistaken identity.

{¶8} At trial, seven witnesses testified on behalf of the prosecution including the victim and five members of the Cleveland Police Department who were involved in the investigation. The victim testified to the events leading up to his injuries. He said that he and Kizer met through a mutual friend about one year prior to this incident and that they would occasionally socialize together. The victim would also, on occasion, lend Kizer his car in exchange for crack cocaine for the victim's girlfriend.

{¶9} On June 23, 2012, Kizer went to visit the victim where he worked. Kizer asked the victim if he could borrow his car in order to attend a wedding. The victim agreed, and Kizer used the car for about two hours before returning it.

{¶10} Upon return from the wedding, Kizer, still wearing formal attire, wanted to continue to use the car that day but the victim refused. The victim testified that he explained to Kizer that on the occasions when Kizer had borrowed the car in the past, he had gotten numerous parking tickets. Additionally, Kizer did not have a valid driver's license, and the victim had been summoned into court for unlawful entrustment. These infractions resulted in the victim having to pay hundreds of dollars in fines.

{¶11} The victim testified that while he did not agree to let Kizer use his car this time, he drove him to a location in the neighborhood before returning to work. The victim stated that he did not see Kizer again until later that day, toward the evening hours,

when Kizer returned to the victim's place of work.  Kizer was dressed in casual clothing and still wanted to borrow the victim's car.  The victim refused, but offered Kizer a ride to a local store.  While in the car, the two men continued to argue over the use of the vehicle.  According to the victim, once he and Kizer arrived at a store located on East 152d Street, the argument escalated and turned physical.  Kizer snatched the keys from the ignition, punched the victim in the nose, and took off running.  Believing his nose to be broken, the victim dialed 911 and requested police and medical assistance.

{¶12}  When Cleveland police officers and paramedics arrived at the scene, the victim gave police Kizer's name and they made a report of the incident.  Paramedics examined the victim's nose but determined that it was not broken.  The police officers then gave the victim a ride to a friend's house, leaving the victim's car in the parking lot in front of the store.  The victim's version of these events was supported by a recording of the 911 call that was played for the jury.

{¶13} The victim testified that while he was at his friend's house, he called Kizer repeatedly.  When he finally made contact with Kizer, Kizer informed the victim that he could "buy back" his keys to the vehicle.  Kizer told the victim to meet him at 149th Street around 10 p.m to 11 p.m.  The victim walked to this location from his friend's house.  Kizer was at the location with two men whom the victim did not know.  The victim testified Kizer and one of the other men immediately asked him how much money he had.  When the victim informed them that he had only $32, Kizer stated, "let's fuck

'em up.'"   Kizer and the unknown men then proceeded to beat the victim, taking the $32, his wallet, and his gold chain necklace.

{¶14} Cleveland police officer Morris Sanders testified that he received a call from dispatch that a man was lying in the bushes near East 149th Street.   Officer Sanders found the victim at the scene, partially nude, and unconscious.   The victim was taken to the hospital where he remained unconscious for five days.   The medical reports contained in the record show that, as a result of the beating, the victim suffered a brain injury resulting in short term memory loss and a speech impediment.   He also fully lost the use of his left hand.   The victim remained in the hospital for one month before being released.

{¶15} Police officer Anthony Espada testified that on June 29, 2012, he interviewed the victim at MetroHealth Hospital.   The victim had regained consciousness and was recovering from his injuries in the hospital's brain rehabilitation center.   He asked the victim to recall the events leading up to his injuries.   The victim was able to describe trying to retrieve his car keys from Kizer and that, in the process, Kizer and two other men had assaulted him.

{¶16} Detective Jason Schramm testified that he was assigned to the victim's case after Officer Espada took the initial report.   He interviewed the victim on July 18, 2012.   Detective Schramm testified that on this day, a blind administrator presented a photo array to the victim asking if any of the men shown were his attackers.   The victim immediately selected Kizer.   The blind administrator also testified at trial.   He stated that

the victim indicated that he was 100 percent certain in the accuracy of identifying Kizer as the assailant.

{¶17} We find that the testimony of the victim and the testimony of the investigating police officers demonstrate the elements of the aggravated robbery and felonious assault. The seriousness of the victim's injuries and the missing cash, wallet, and jewelry satisfy the required elements for conviction of the offenses. Kizer's first assigned error is overruled.

{¶18} In his second assignment of error, Kizer asserts that the conviction was against the manifest weight of the evidence. Kizer claims that the weight of the evidence shows that he was seen by multiple witnesses at a wedding during the time frame that the victim was attacked and secondly, that the victim suffered such a traumatic brain injury that his account of the events leading up to his injury is unreliable.

{¶19} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way resulting in such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Simmons*, 8th Dist. Cuyahoga No. 96925, 2012-Ohio-592, at _ 15.

{¶20} Kizer's convictions are not against the manifest weight of the evidence. Kizer's arguments that he was busy with wedding activities the whole evening and that the victim's injuries make his testimony unreliable, are unpersuasive. In addition to

being identified by the victim with 100 percent certainty, circumstantial evidence demonstrates that Kizer participated in the attack on the victim. Earlier that day, Kizer had shown his propensity for violence against the victim over the issue of borrowing the victim's car. He also had an opportunity to facilitate the crimes because his presence during the wedding events was not accounted for the entire evening, and the attack took place in close proximity to the house where the wedding after party was being held.

{¶21} In contrast, the evidence presented by the defense showed that many of the defense witnesses are friends or family members of Kizer who attended the wedding. Each of these witnesses testified that the wedding guests totaled around 100 people and that some of these guests had been drinking all day. One of the witnesses, Kizer's girlfriend, testified that she saw a verbal exchange between Kizer and the victim around 11 p.m. The victim attempted to approach Kizer outside in front of his girlfriend and some of the wedding guests walking in the neighborhood where the after party was located. However, according to the girlfriend, Kizer continued walking.

{¶22} One of the wedding guests testifying for the defense stated that she saw Kizer on and off throughout the day of the wedding. This witness testified that while she saw Kizer at a party after the ceremony, she could not account for Kizer's presence at all times. Additionally, this witness recalled that the house where the party was held was located on East 149th Street, only five to six blocks from the area where the victim was attacked. This same witness testified that a commotion occurred outside the house that night sometime around 11 p.m.

{¶23} The trier of fact is in the best position to weigh the evidence and the credibility of witnesses. *See State v. Armstrong*, 8th Dist. Cuyahoga Nos. 87456, 87457, 2006-Ohio-5447, _ 32. The time frame of the wedding, combined with the number of wedding guests and consumption of alcohol by many of those guests, demonstrate that Kizer's presence the entire time for the wedding events could not be confirmed. Additionally, the proximity of the events to the location of the attack, the testimony about a disturbance around 11 p.m., coupled with the testimony of the victim and responding officers, do not compel us to find that the jury lost its way in finding that Kizer was involved in the aggravated robbery and assault of the victim.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR